UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SANRIO, INC.

Plaintiff,

BELLA JOIAS LADIE'S ACCESSORIES,
INC. d/b/a BELLA JOIAS JEWELRY
STORE; JULIO CESAR RODRIGUES
COSTA; and DIEGO R. COSTA,

Defendants.
_____/

CASE NO.:

COMPLAINT FOR COPYRIGHT
INFRINGEMENT, TRADEMARK
INFRINGEMENT, UNFAIR
COMPETITION, IMPORTATION
OF GOODS BEARING
INFRINGING MARKS, AND
VIOLATION OF TARIFF ACT

## COMPLAINT

Plaintiff, Sanrio, Inc., by and through its undersigned attorneys, alleges for its Complaint as follows:

### INTRODUCTION

1. Plaintiff files this action to combat the intentional infringement, with willfulness and/or reckless disregard of its copyrighted properties and trademarks by Defendants Bella Joias Ladie's Accessories, Inc. d/b/a Bella Joias Jewelry Store, Julio Cesar Rodrigues Costa, and Diego R. Costa (hereinafter collectively referred to as "Defendants"). Defendants own, operate and manage two (2) jewelry stores in Florida, importing, selling and distributing jewelry and accessories that incorporate Plaintiff's copyrighted and trademarked properties without the permission of Plaintiff.

2. Plaintiff seeks to halt Defendants' infringement of Plaintiff's intellectual properties and seeks a permanent injunction, damages, costs, and attorneys' fees as authorized by the Copyright Act, Lanham Act and Florida common law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) as the Plaintiff's cause of action arises under the United States Copyright Act of 1976, 17 U.S.C. § 101 et. seq. (the "Copyright Act") and the Federal Trademark Act, 15 U.S.C. § 1051 et. seq. (the "Lanham Act").

4. Venue is proper within the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b), 1400(a).

## THE PARTIES

### Plaintiff

5. Plaintiff, Sanrio, Inc. (hereinafter referred to as "Sanrio" or "Plaintiff"), is a corporation, duly organized and existing under the laws of the State of California, having its principal place of business in South San Francisco, CA. Sanrio is a wholly owned subsidiary of Sanrio Company, Ltd. Sanrio Company, Ltd. is a corporation organized under the laws of Japan, having its principal place of business in Tokyo, Japan (hereinafter referred to as "Sanrio Company").

    A. For more than fifty years, Sanrio Company has been engaged in the business of manufacturing, distributing and selling a wide range of products including, without limitation, character artwork created, developed and designed by Sanrio Company for use by children and young adults. Certain of the characters and designs have achieved such global fame and popularity that Sanrio Company has produced and distributed television programming for children based on the character artwork.

B. A significant source of revenue for Sanrio Company is the merchandising and licensing of distinctive elements bearing character artwork, including Hello Kitty, Tuxedosam, Bad Badtz-Maru, Chococat, KeroKeroKeroppi, and My Melody (hereinafter individually and collectively referred to as the "Sanrio Company Characters").

C. The revenue from products using the Sanrio Company Characters sold in the United States is substantial. The appearance and other features of Sanrio Company's intellectual property are inherently distinctive and serve to identify Sanrio Company as the source of products bearing the Sanrio Company Characters. The design, configuration and distinctive features of the Sanrio Company Characters and other Sanrio Company copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as the "Sanrio Company Copyrighted Designs") are wholly original with Sanrio Company and, as fixed in various tangible media, including, without limitation, merchandise, are copyrightable subject matter under the Copyright Act. Sanrio Company is the owner of the Sanrio Company Copyrighted Designs and, as featured on and in connection with various merchandise, these designs constitute copyrightable subject matter under the Copyright Act.

D. Sanrio Company has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to the Sanrio Company Copyrighted Designs, and Sanrio Company owns one or more certificates of registration for works in which each of the Sanrio Company Copyrighted Designs appear. A representative sample of copyright registrations for the

Sanrio Company Copyrighted Designs are indexed in Exhibit A. Products bearing the Sanrio Company Copyrighted Designs have been manufactured, sold and distributed by Sanrio Company or under its authority, and in conformity with the provisions of copyright law. Sanrio Company and those acting under its authority have complied with their obligations under such copyright laws.

E. Sanrio Company owns all right, title and interest in and to and holds exclusive rights to develop, manufacture, market, and sell products bearing the trademarks, trade names, service marks, artwork, characters, and other distinctive elements for and incorporating Sanrio Company's Characters.

F. Sanrio Company is the owner of world famous registered marks which serve to distinguish Sanrio Company's products. Some of those trademarks have been used continuously for over twenty-five (25) years. Each year Sanrio Company spends millions of dollars to develop and maintain the considerable good will it enjoys in its trademarks and in its reputation for high quality. A representative sample of trademark registrations for Sanrio Company's Characters is indexed in Exhibit B. (hereinafter collectively referred to as the "Sanrio Company Trademarks").

G. The Sanrio Company Trademarks are all valid, extant and in full force and effect. The Sanrio Company Trademarks are all exclusively owned by Sanrio Company. Sanrio Company has continuously used each of the Sanrio Company Trademarks from the registration date, or earlier, until the present, and at all times with such use being relevant to the claims alleged in this Complaint.

H. As a result of advertising and sales, together with longstanding consumer acceptance, the Sanrio Company Trademarks identify Sanrio Company's products and authorized sales of these products. The Sanrio Company Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.

I. Sanrio, as the exclusive United States licensee for Sanrio Company, is authorized to enforce all right, title and interest in and to the Sanrio Company Copyrighted Designs as well as the Sanrio Company Trademarks (hereinafter collectively referred to as the "Sanrio Company Properties"). Through Sanrio, Sanrio Company has authorized and licensed the manufacture and sale of various different types of product that bear the Sanrio Company Properties, including but not limited to, jewelry, accessories and similar products.

### Defendants

6. Defendant, Bella Joias Ladie's Accessories, Inc. d/b/a Bella Joias Jewelry Store (hereinafter "BJLA"), upon information and belief, is a Florida corporation which has a principal place of business at 1990-A NW 20th Street, Miami FL 33142, and which also conducts business at 20 NE 1st Street, Miami FL 33132.

7. Defendant, Julio Cesar Rodrigues Costa (hereinafter "Julio Costa"), upon information and belief, is an individual residing at 642 Palm Drive, Hallandale Beach, FL 33009, and the president, secretary and a director of BJLA. Julio Costa has the right and ability to supervise or control the infringing activity alleged herein and has a direct financial interest in such activity.

8. Defendant, Diego R. Costa (hereinafter "Diego Costa"), upon information and belief, is an individual residing at 419 Layne Boulevard, Hallandale Beach, FL 33009, and the General Manager of BJLA. Diego Costa has the right and ability to supervise or control the infringing activity alleged herein and a direct financial interest in such activity.

9. Defendants BJLA, Julio Costa and Diego Costa will collectively be referred to as "Defendants" or "Bella Joias".

## INFRINGING CONDUCT

10. Defendants operate retail and wholesale jewelry businesses located at 1990-A NW 20th Street, Miami FL 33142 (hereinafter referred to as "Store Location #1) and 20 NE 1st Street, Miami FL 33132 (hereinafter referred to as "Store Location #2), which import, advertise, market, promote, distribute, offer for sale, and sell unauthorized jewelry and accessories bearing Sanrio Company Copyrighted Designs and Sanrio Company Trademarks (hereinafter referred to as the "Unauthorized Merchandise").

11. On or before October 21, 2015, and without the consent of the Plaintiff, Bella Joias imported, and/or assisted in or caused the importation of the Unauthorized Merchandise via an online volume sale from an anonymous source.

12. On or about October 21, 2015, agents with Homeland Security Investigations ("HSI") of the Department of Homeland Security, in the company of representatives of Sanrio, conducted a voluntary surrender of Unauthorized Merchandise being sold at Store Location #1 (hereinafter referred to as the "First

6

Seizure"). A copy of the Custody Receipt for Seized Property and Evidence related to the surrender of the Unauthorized Merchandise is attached as Exhibit C. At the First Seizure, a copy of a cease and desist letter from Sanrio was hand-delivered to Diego Costa, thus putting the Defendants on notice that they were selling Unauthorized Merchandise, and is attached as Exhibit D (hereinafter the "First Letter"). Diego Costa signed a copy of the First Letter, acknowledging its receipt his surrender of the Unauthorized Merchandise. *Id.* Photographs of samples of the Unauthorized Merchandise surrendered on this date are attached as Exhibit E.

13. On or about August 16, 2016, Bella Joias sold, advertised, marketed, distributed, and offered for sale Unauthorized Merchandise from Store Location #2. Samples of the Unauthorized Merchandise sold on this date by Bella Joias are attached as Exhibit F. A receipt for the purchase of the Unauthorized Merchandise from Store Location #2 on this date is attached as Exhibit G.

14. On or about September 8, 2016, HSI conducted a second seizure on Bella Joias at Store Location #2 (hereinafter the "Second Seizure"). On that date employees of Bella Joias voluntarily surrendered Unauthorized Merchandise being sold from the store to HSI. A copy of the Notice of Abandonment and Assent to Forfeiture of Prohibited or Seized Merchandise evidencing the Unauthorized Merchandise abandoned by Bella Joias on this date is attached as Exhibit H. Photographs of samples of the Unauthorized Merchandise abandoned on this date are attached as Exhibit I.

15. On October 12, 2016, Sanrio sent a second cease and desist letter to Bella Joias demanding that they immediately cease in the further importation, advertising,

marketing, promoting, distribution, offering for sale, and sale of the Unauthorized Merchandise (hereinafter the "Second Letter"). See Exhibit J. The Second Letter demanded the following from Bella Joias: (a) identify the source(s)/supplier(s) of the Unauthorized Merchandise; (b) surrender all remaining Unauthorized Merchandise in its possession; (c) identify all locations from which it was selling the Unauthorized Merchandise; and (d) provide an accounting of its sales of the Unauthorized Merchandise. *Id.*

16.     On October 13, 2016, Bella Joias responded in a letter stating that it did not know that it had been selling the Unauthorized Merchandise and that it purchased the Unauthorized Merchandise from an unidentified source in China. See Exhibit K. Defendants' actions in making the referenced purchase via an unidentified international sale, constitutes importation and/or the cause of the importation of the Unauthorized Merchandise. Notwithstanding the First Seizure and First Letter, Bella Joias also stated that the Second Seizure was the first time it became aware it was selling the Unauthorized Merchandise. Bella Joias provided no other response to Sanrio's demands.

17.     On February 24, 2017 Sanrio sent a third letter to Bella Joias reiterating its demand that Bella Joias provide the source of the Unauthorized Merchandise (hereinafter the "Third Letter"). See Exhibit L. The Third Letter also attached a copy of the Seizure Receipt from the First Seizure showing that Bella Joias had been on actual notice of its sale of the Unauthorized Merchandise. *Id.* In the Third Letter Sanrio also renewed the demands of its Second Letter. *Id.*

18. On February 27, 2017, Bella Joias provided a response to the Third Letter. See Exhibit M. In this letter Bella Joias admitted that the First Seizure had occurred and that HSI had seized all Unauthorized Merchandise in Bella Joias' possession. Further, the Defendants provided a generic answer, stating that the supplier of the Unauthorized Merchandise was the China-based online auction house known as 'Aliexpress', with the relevant purchase having occurred in 2015. In providing this explanation, Bella Joias failed to provide the identity of the seller on Aliexpress, the seller ID, or any related sales documents showing the purchase of the Unauthorized Merchandise. This letter also failed to explain how Bella Joias was in possession of additional Unauthorized Merchandise which was subject to the Second Seizure if all of the Unauthorized Merchandise had been seized by HSI in the First Seizure.

19. On or about June 21, 2017, a joint task force of HSI and Metro-Dade Police Department ("Metro-Dade") conducted a third seizure on Bella Joias at Store Location #1(the "Third Seizure"). Once again, Bella Joias was found to be selling the Unauthorized Merchandise. A copy of the Metro-Dade Property Receipt showing the Unauthorized Merchandise impounded on this date is attached as Exhibit N. Photos of samples of the Unauthorized Merchandise impounded on this date are attached as Exhibit O. As part of the Third Seizure, Metro-Dade arrested and charged Diego Costa with felony counterfeiting relating to the Unauthorized Merchandise under Fla. Stat. 831.032(3)(A). See Exhibit P.

20. Plaintiff has never permitted Bella Joias to import, advertise, promote, distribute, offer for sale, or sell the Unauthorized Merchandise.

## COUNT I - COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

21. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

22. Defendants are importing, advertising, marketing, promoting, distributing, offering for sale, and selling Unauthorized Merchandise that incorporates unauthorized reproductions and/or copies of the Sanrio Company Copyrighted Designs, including, but not limited to Hello Kitty. Photographs of samples of the Unauthorized Merchandise are attached as Exhibits E, F, I, and O.

23. Defendants have never been authorized to import, advertise, market, promote, distribute, offer for sale, and/or sell the Unauthorized Merchandise, which incorporates the Sanrio Company Copyrighted Designs.

24. Defendants' conduct, described above, infringes upon the Sanrio Company Copyrighted Designs. Defendants had both actual and constructive knowledge of Plaintiff's exclusive rights. Each specific infringement of the Sanrio Company Copyrighted Designs can form the basis for a separate claim against Defendants under the Copyright Act.

25. Upon information and belief, Defendants acted willfully and/or with reckless disregard of Plaintiff's rights, and Defendants' infringements have irreparably harmed the Sanrio Company Copyrighted Designs and threaten further infringement and further irreparable harm to the Sanrio Company Copyrighted Designs. Further harm to Plaintiff is imminent, and Plaintiff is without an adequate remedy at law with respect to such harm. Unless Defendants' acts are enjoined and the illicit counterfeiters

of the Sanrio Company Copyrighted Designs are stopped, it is highly probable that Defendants, or others under Defendants' direction, will continue to market and sell the Unauthorized Merchandise.

26. Defendants have obtained illicit profits as a result of their wrongful acts.

27. Plaintiff is entitled, at its option, to statutory damages as provided by 17 U.S.C. § 504, or actual damages and Defendants' profits.

## COUNT II - TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING (15 U.S.C. §§ 1114, 1116)

28. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

29. Plaintiff is the licensee of the exclusive rights to the Sanrio Company Trademarks, indexed as Exhibit B, which are in full force and effect. Many of the Sanrio Company Trademarks are incontestable pursuant to 15 U.S.C. § 1065.

30. Plaintiff, or those under its authority, manufacture, sell and distribute all of its advertising and products in conformity with the provisions of United States trademark law.

31. Notwithstanding Plaintiff's well-known, prior common law and statutory rights, Defendants have, with actual and constructive notice of Plaintiff's rights, adopted and used the Sanrio Company Trademarks in conjunction with importing, advertising, marketing, promoting, distributing, offering for sale, and selling the Unauthorized Merchandise in the State of Florida and in interstate commerce.

32. Defendants have marketed and sold the Unauthorized Merchandise bearing the Sanrio Company Trademarks without Plaintiff's authorization. Defendants'

unauthorized use of the Sanrio Company Trademarks, both in the State of Florida and in interstate commerce, has and will continue to cause a likelihood of confusion, deception and mistake as to Plaintiff's affiliation with Defendants.

33. Defendants' use in commerce of the Sanrio Company Trademarks in conjunction with the Unauthorized Merchandise is an infringement of the Sanrio Company Trademarks in violation of 15 U.S.C. § 1114(1).

34. Defendants committed the acts alleged herein willfully and/or with reckless disregard of Plaintiff's rights.

35. Said acts of infringement will cause irreparable injury to Plaintiff if Defendants are not enjoined by the Court from further violation of Plaintiff's rights, as Plaintiff has no adequate remedy at law.

36. Plaintiff has suffered damages as a result of Defendants' acts.

## COUNT III - UNFAIR COMPETITION UNDER THE LANHAM ACT
(15 U.S.C. § 1125)

37. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

38. As a direct result of Plaintiff's longstanding use, sales, advertising, and marketing, the Sanrio Company Properties have acquired a secondary and distinctive meaning among the public who have come to identify the Sanrio Company Properties with Plaintiff and its affiliated companies.

39. Defendants misappropriated the Sanrio Company Properties in order to confuse the public into believing that their conduct was authorized by Plaintiff.

40. Defendants, by misappropriating and using the likenesses of the Sanrio Company Properties in connection with the importation, advertising, marketing, promoting, distributing, offering for sale, and selling of the Unauthorized Merchandise, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of the Unauthorized Merchandise.

41. Defendants have caused such Unauthorized Merchandise to enter into interstate commerce with reckless disregard of Plaintiff's rights, and/or willfully with full knowledge of the falsity of the designation of their origin, description and representation in an effort to mislead the purchasing public into believing that such products are authorized, or otherwise emanate from Plaintiff.

42. These acts constitute a violation of Section 43 of the Lanham Act (15 U.S.C. § 1125).

43. Defendants have obtained gains, profits and advantages as a result of their unlawful acts.

44. Plaintiff has suffered monetary damages as a result of Defendants' acts.

## COUNT IV – IMPORTATION OF GOODS BEARING INFRINGING MARKS OR NAMES (15 U.S.C. § 1124)

45. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

46. Defendants imported Unauthorized Merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, and/or colorable imitations of the Sanrio Company Trademarks.

47. Defendants have materially contributed to the importation of Unauthorized Merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, and/or colorable imitations of the Sanrio Company Trademarks.

48. As a result, Defendants have engaged in the importation of goods bearing infringing marks in violation of 15 U.S.C. § 1124.

49. Defendants committed the acts alleged herein willfully and/or with reckless disregard of Plaintiff's rights.

50. Defendants have obtained gains, profits and advantages as a result of their unlawful acts.

51. Said acts of importation will cause irreparable injury to Plaintiff if Defendants are not enjoined by the Court from further violation of Plaintiff's rights, as Plaintiff has no adequate remedy at law.

52. Plaintiff has suffered damages as a result of Defendants' acts.

COUNT V – VIOLATION OF TARIFF ACT (19 U.S.C. § 1526)

53. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

54. Defendants imported Unauthorized Merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, and/or colorable imitations of the Sanrio Company Trademarks.

55. Plaintiff has filed copies of its federal trademark registrations, including one (1) or more of the Sanrio Company Trademarks, with U.S. Customs and Border Protection.

56. As a result, Defendants have engaged in the importation of goods bearing infringing marks in violation of 19 U.S.C. § 1526.

57. Defendants committed the acts alleged herein willfully and/or with reckless disregard of Plaintiff's rights.

58. Defendants have obtained gains, profits and advantages as a result of their unlawful acts.

59. Said acts of importation will cause irreparable injury to Plaintiff if Defendants are not enjoined by the Court from further violation of Plaintiff's rights, as Plaintiff has no adequate remedy at law.

60. Plaintiff has suffered damages as a result of Defendants' acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands entry of a judgment against Defendants as follows:

1. Permanent injunctive relief restraining Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them, from the following acts:

    a. Importing, advertising, marketing, promoting, distributing, offering for sale, and selling, or otherwise brokering the Unauthorized Merchandise;

    b. Using the Sanrio Company Properties in any unauthorized manner;

    c. Making any false statement or representation to suggest that Defendants are affiliated with, or otherwise sponsored by Plaintiff;

      d.      Engaging in any other activity constituting unfair competition or infringement of any of the Sanrio Company Properties, or dilution of Plaintiff's name, reputation and/or goodwill;

      e.      Effecting assignments or transfers, forming new entities or associations and/or using any device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs a through d;

      f.      Destroying or disposing of any evidence of Defendants' importation, advertising, marketing, promoting, distributing, offering for sale, and selling of the Unauthorized Merchandise, or Defendants' unauthorized use of the Sanrio Company Properties; and

      g.      Aiding, abetting, or contributing to the importation, advertising, marketing, promoting, distributing, offering for sale, and sale of the Unauthorized Merchandise, or the unauthorized use of the Sanrio Company Properties.

2.      Directing that Defendants immediately cease the importing, advertising, marketing, promoting, distributing, offering for sale, and sale of Unauthorized Merchandise.

3.      Directing that Defendants deliver for destruction all Unauthorized Merchandise and/or infringing products in their possession or under their control, bearing any of the Sanrio Company Properties, or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof.

4. Directing that Defendants report to this Court within thirty (30) days after a Permanent Injunction is entered to show its compliance with paragraphs 1 through 3 above.

5. Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that Plaintiff authorized, or is related in any way to any products imported, advertised, marketed, promoted, distributed, offered for sale, and sold by Defendants.

6. Awarding to Plaintiff from Defendants, as a result of Defendants' importing, advertising, marketing, promoting, distributing, offering for sale, and selling, or otherwise brokering the Unauthorized Merchandise bearing the Sanrio Company Trademarks, three times Defendants' profits, after an accounting, or statutory damages, should Plaintiff opt for such relief, consisting of Two Hundred Thousand Dollars ($200,000.00) for each of Plaintiff's trademarks infringed upon by Defendants, and to the extent this Court concludes such infringement was willful, Two Million Dollars ($2,000,000.00) for Plaintiff's trademarks infringed upon by Defendants pursuant to 15 U.S.C. §§ 1114, 1117.

7. Awarding to Plaintiff three times Defendants' profits, after an accounting, pursuant to 15 U.S.C. §§ 1125(a), 1117(a).

8. Awarding to Plaintiff statutory damages, pursuant to 15 U.S.C. § 504, of no less than Seven Hundred and Fifty Dollars ($750.00), nor any more than Thirty Thousand Dollars ($30,000.00) per copyrighted property infringed upon by Defendant,

at the Court's discretion, or One Hundred and Fifty Thousand Dollars ($150,000.00) per infringement upon a finding that Defendant's conduct was willful.

9. Awarding to Plaintiff its reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. § 1117.

10. Awarding to Plaintiff its costs in bringing this action.

11. Awarding to Plaintiff other such relief as this Court deems just.

Dated this 17th day of August 2017.

Michael W. O. Holihan
Florida Bar No.: 0782165
Kimberly A. Harchuck
Florida Bar No.: 0064852
Holihan Law
1101 North Lake Destiny Road
Suite 275
Maitland, Florida 32751
Telephone: (407) 660-8575
Fax: (407) 660-0510
michael.holihan@holihanlaw.com
kimberly.harchuck@holihanlaw.com
Attorneys for Plaintiff