UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cv-23132-KMW

SANRIO, INC.

       Plaintiff,

BELLA JOIAS LADIE'S ACCESSORIES,
CORP d/b/a BELLA JOIAS JEWELRY
STORE; JULIO CESAR RODRIGUES
COSTA; and DIEGO R. COSTA,

       Defendants.
_____/

## NOTICE OF PROVIDING PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff, Sanrio, Inc. (hereinafter, "Plaintiff"), pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, by and through its undersigned counsel, hereby provides its Initial Disclosures in electronic format. In doing so, Plaintiff does not waive any valid objections it may have to any request to produce documents identified herein. This disclosure is based on information reasonably available to Plaintiff as of this date. Plaintiff reserves the right to amend its Initial Disclosures as additional information or documents become known, and as the investigation of documents and witnesses continues.

    A.    Witnesses

Plaintiff presently believes that the following individuals are likely to have discoverable information that the Plaintiff may use to support its claims or defenses, except for those witnesses who may be solely used for impeachment:

1. Yumi Suemori, Manager, IP Protection & Enforcement, Sanrio, Inc.

    Ms. Suemori has general knowledge concerning the business practices of Sanrio, Inc., its adoption and use of the copyrights and trademarks at issue, Sanrio, Inc.'s licensing practices with respect to the products at issue, and the unauthorized nature of the infringing products as identified in the Complaint. Ms. Suemori may be contacted through Plaintiff's undersigned counsel.

2. Eric Berger, A Action Investigations

    Mr. Berger has general knowledge concerning the seizure or purchase of infringing merchandise from the Defendants and/or the Defendants' business as alleged in the Complaint. Mr. Berger may be contacted through Plaintiff's undersigned counsel.

3. Julio C. Rodrigues Costa
    642 Palm Drive
    Hallandale Beach, FL 33309

    Mr. Costa has general knowledge concerning the business practices of Bella Joias Ladie's Accessories, Inc. d/b/a Bella Joias Jewelry Store, including but not limited to the purchase and/or sale of infringing merchandise, as related to this matter.

4. Diego R. Costa
    419 Layne Boulevard
    Hallandale Beach, FL 33009

    Mr. Costa has general knowledge concerning the business practices of Bella Joias Ladie's Accessories, Inc. d/b/a Bella Joias Jewelry

Store, including but not limited to the purchase and/or sale of infringing merchandise, as related to this matter.

5. Dilza L. Rodrigues Costa
642 Palm Drive
Hallandale Beach, FL 33309

Ms. Costa has general knowledge concerning the business practices of Bella Joias Ladie's Accessories, Inc. d/b/a Bella Joias Jewelry Store as related to this matter.

6. Thiago Ladeia R. Costa
200 Leslie Drive #1102
Hallandale Beach, FL 33309

Mr. Costa has general knowledge concerning the business practices of Bella Joias Ladie's Accessories, Inc. d/b/a Bella Joias Jewelry Store as related to this matter.

7. Mayelis Salazar

Ms. Salazar has general knowledge concerning the business practices of Bella Joias Ladie's Accessories, Inc. d/b/a Bella Joias Jewelry Store, including but not limited to the purchase and/or sale of infringing merchandise, as related to this matter.

Plaintiff also identifies the Defendants' employees, corporate officers and directors, customers, vendors, and distributors as may be identified during the course of discovery as potential witnesses in support of Plaintiff's claims.

B. <u>Discoverable Documents</u>

Plaintiff is aware of discoverable documents responsive to Fed. R. Civ. P. 26(a)(1)(B) in the following categories:

1. Documents related to Sanrio, Inc.'s copyrights as alleged in the Complaint.

2. Documents related to Sanrio, Inc.'s trademarks as alleged in the Complaint.

3. Documents related to the infringing merchandise seized or purchased from the Defendants and/or the Defendants' business as alleged in the Complaint.

4. Photographs of the infringing merchandise seized or purchased from the Defendants and/or the Defendants' business as alleged in the Complaint.

5. Documents related to the Defendants' business operations as related to this matter.

With the exception of documents currently in the Defendants' possession, custody, or control, the remaining documents are located at, or in transit to: Holihan Law, 1101 North Lake Destiny Rd., Suite 275, Maitland, Florida 32751.

C. <u>Damages</u>

At present, Plaintiff does not have documents that comprise a computation of damages relating to its claims. Plaintiff is seeking Defendants' profits, or alternatively and at Plaintiff's discretion, statutory damages pursuant to 17 U.S.C. §504 and 15 U.S.C.

§1117, as well as fees and costs. Plaintiff intends to conduct discovery proceedings on Defendants' profits.

      D.      <u>Insurance Contracts</u>

Not applicable.

CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2017, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Wayne Schwartz, Lee & Amtzis, P.L., 5550 Glades Road, Suite 401, Boca Raton, FL 33431, schwartz@leeamlaw.com.

Dated: September 29, 2017
Maitland, FL

                      <u>Kimberly A. Harchuck</u>
                      Michael W.O. Holihan
                      Florida Bar No. 0782165
                      Kimberly A. Harchuck
                      Florida Bar No. 0064852
                      Holihan Law
                      1101 North Lake Destiny Rd.
                      Suite 275
                      Maitland, FL 32751
                      Phone: 407.660.8575
                      Fax: 407.660.0510
                      Email: michael.holihan@holihanlaw.com
                      Email: kimberly.harchuck@holihanlaw.com
                      Attorneys for Plaintiff