UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-23132-KMW/TORRES

SANRIO, INC.

      Plaintiff,

BELLA JOIAS LADIE'S ACCESSORIES,
CORP. d/b/a BELLA JOIAS JEWELRY
STORE; JULIO CESAR RODRIGUES
COSTA; and DIEGO R. COSTA,

      Defendants.

_____/

## SETTLEMENT AGREEMENT AND CONSENT TO PERMANENT INJUNCTION

Plaintiff, Sanrio, Inc., ("Plaintiff"), by and through its undersigned attorneys, and Defendants, Bella Joias Ladie's Accessories, Corp. d/b/a Bella Joias Jewelry Store, Julio Cesar Rodrigues Costa, and Diego R. Costa (collectively "Defendants"), hereby enter into the following Settlement Agreement and Consent to Permanent Injunction ("Agreement"). Plaintiff and the Defendants will hereinafter be collectively referred to as the "Parties".

1. Defendants agree and stipulate to the following facts and findings:

    a. This Court has jurisdiction over the Plaintiff, Defendants and above-styled action.

    b. Plaintiff is the owner or exclusive United States licensee of the distinctive trademarks and copyrighted properties identified by the registrations indexed as Exhibits A and B to the Complaint and hereinafter referred to as the "Sanrio Properties". The registrations are

valid, subsisting and conclusive proof of the Plaintiff's rights to the Sanrio Properties.

c. Defendants have never been authorized by the Plaintiff to import, manufacture, sell, offer for sale, advertise, promote, market, display, or distribute merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Sanrio Properties, or any design that is of a substantially similar appearance to the Sanrio Properties.

d. Defendants, without making an admission of liability, agree to be permanently enjoined from importing, manufacturing, selling, offering for sale, advertising, promoting, marketing, displaying, or distributing merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Sanrio Properties, or a design that is of a substantially similar appearance to the Sanrio Properties.

e. Plaintiff has allegedly suffered irreparable injury as a result of Defendants' importation, manufacture, sale, offer for sale, advertisement, promotion, marketing, display, or distribution of merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Sanrio Properties, or a design that is of a substantially similar appearance to the Sanrio Properties. Plaintiff will continue to suffer irreparable harm and injury should a permanent injunction not be issued.



2. Defendants shall immediately cease the import, manufacture, sale, offering for sale, advertising, promotion, marketing, distributing, or other commercial exploitation of any kind of merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Sanrio Properties, or any design that is of a substantially similar appearance to the Sanrio Properties.

3. Defendants, their officers, directors, agents, employees, affiliates, divisions, and subsidiaries agree that, in the future, they shall not design, manufacture, export, import, distribute, offer for sale, sell, or otherwise traffic in any goods bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Sanrio Properties, or any design that is of a substantially similar appearance to the Sanrio Properties.

4. Defendants agree and stipulate that they have no infringing or counterfeit merchandise bearing Sanrio Properties in their possession or control or, that if they have any such remaining infringing or counterfeit merchandise, they will turn over such merchandise to Plaintiff's counsel upon execution of this Agreement. Further, Defendants state that they have turned over to the Plaintiff all documents or records in their possession, custody, or control related to their purchase, importation, manufacture, sell, offer for sale, advertisement, promotion, marketing, display, or distribution of counterfeit or infringing merchandise covered by this Agreement and, if Defendants' source of the counterfeit or infringing merchandise is not evidenced by such documents, Defendants have provided their best information concerning the identity and location of the source of the counterfeit and infringing merchandise to Plaintiff's undersigned counsel, as well as the identities of any person or entity to whom Defendants have sold or transferred any counterfeit or

3

 

infringing merchandise. The Court shall retain jurisdiction for purposes of enforcing this non-monetary term, by way of contempt or other sanctions.

5. Defendants shall pay damages to the Plaintiff in the amount of Sixty Thousand Fifty Dollars ($60,050.00) (the "Settlement Amount"). Payment terms related to such Settlement Amount are as follows:

a. On or before August 5, 2018, the Defendants shall pay to Plaintiff funds in the amount of Five Thousand Fifty-Four Dollars ($5,054.00), in partial settlement payment.

b. The remaining Fifty-Four Thousand Nine Hundred Ninety-Six Dollars ($54,996.00) of the Settlement Amount is to be paid in twenty-four (24) consecutive monthly installments of Two Thousand Two Hundred Ninety-One Dollars and Fifty Cents ($2,291.50) at a minimum ("Installment Payment").

c. Each Installment Payment shall be received by Plaintiff's undersigned counsel on or before the first (1st) day of each month during the payment period, which shall commence on September 1, 2018 and conclude on August 1, 2020. At their discretion, Defendants may elect to pay more than the allocated minimum amount for any Installment Payment.

d. The Settlement Amount shall be paid by cashier's check, money order, wire transfer, or personal or business check, and made payable to: *Holihan Law Trust Account*. Please note that banking entity, financial institution and/or third-party service provider fees may apply to

4

payments made via wire transfer, all of which shall be borne by the payor electing such payment method.

 e. If electing to deliver tangible funds, the Settlement Amount shall be delivered to the following address:

> *Holihan Law*
> *1101 North Lake Destiny Rd., Ste. 275*
> *Maitland, Florida 32751*

 f. Upon Plaintiff's receipt of the Settlement Amount in its entirety, Plaintiff will issue a Satisfaction of Judgment as provided for under the terms of this this Agreement.

6. Defendants agree to entry of a Stipulated Permanent Injunction and Final Order against them in the form attached to this Agreement as Exhibit 1 (the "Permanent Injunction"), forever enjoining them from the import, manufacture, sale, offer for sale, advertising, promotion, marketing, distribution, or other commercial exploitation of any kind of merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Sanrio Properties, or any design that is of a substantially similar appearance to the Sanrio Properties.

7. The Permanent Injunction also provides for entry of a final judgment in favor of the Plaintiff and against the Defendants, jointly and severally, in the amount of Eighty Thousand Dollars ($80,000.00) (the "Final Judgment"), subject to the language set forth in Sections 8-13 below.

8. Defendants stipulate and agree that the following circumstances shall constitute a material breach and rendering Defendants in default of this Agreement:

a. Failing to make full and timely payment of damages as provided in Section 5 ("Monetary Breach") and failing to rectify said breach in accordance with the opportunity to cure set forth in Sections 10 and 11 below;

b. Intentionally failing to turn over to Plaintiff's undersigned counsel any counterfeit or infringing merchandise in Defendants' possession at the time this Agreement is executed, or knowingly misrepresenting the Defendants' source of the counterfeit or infringing merchandise or to whom they have sold and distributed the counterfeit or infringing merchandise (individually or collectively "Misrepresentation Breach"); or

c. Infringing upon any of the Sanrio Properties in the future or otherwise violate any representations and/or terms of this Agreement (individually or collectively "Violative Breach").

9. Misrepresentation Breach(es) or Violative Breach(es) by the Defendants shall be considered "Nonmonetary Breach(es)" for the purposes of this Agreement.

10. Defendants stipulate and agree that in the event of a Monetary Breach, they will have a period of five (5) business days to cure such breach. Plaintiff will provide notice of Monetary Breach via email to the following contact person(s), with such notice deemed effective upon transmittal:

> Wayne Schwartz, Esq.
> o/b/o Bella Joias Ladie's Accessories, Corp., et al.
> schwartz@leeamlaw.com

6

11. Defendants stipulate and agree that failure to cure a Monetary Breach pursuant to Section 10, shall render them in default of this Agreement, and further, not entitled to a set-off for any Installment Payment(s) issued prior to the Monetary Breach.

12. Plaintiff agrees that, so long as Defendants are not in default of this Agreement, the Plaintiff shall not record the Final Judgment, or take any other action to collect on the Final Judgment.

13. Defendants stipulate and agree that, should Defendants default on this Agreement, Plaintiff may immediately record the Final Judgment and take all legal means to collect on said Final Judgment.

14. Defendants, on behalf of themselves, their partners, representatives, agents, attorneys, employees, successors, affiliates, employers, heirs, and assigns, and each of them, hereby release and forever discharge Plaintiff and its past, present, and future officers, directors, franchisees, employees, employers, attorneys, partners, agents, heirs, beneficiaries, subsidiary, successor, or predecessor corporations or partnerships, affiliates, assigns, and each of them, of and from any and all claims, demands, allegations, obligations, costs, damages, fees, or causes of action of any nature whatsoever arising out of their personal or business relations to date including, but not limited to, any claims relating to Plaintiff's allegations of Defendants' unauthorized use of the Sanrio Properties.'

15. Plaintiff, on behalf of the entity itself, its partners, representatives, agents, attorneys, employees, successors, affiliates, employers, heirs, and assigns, hereby release and forever discharge the Defendants, and their past, present, and future officers, directors, franchisees, employees, employers, attorneys, partners, agents, heirs, beneficiaries, subsidiary, successor, or predecessor corporations or partnerships, affiliates, assigns, and




each of them, of and from any and all claims, demands, allegations, obligations, costs, damages, fees, or causes of action of any nature, arising out of or related to Defendants' unauthorized use of the Sanrio Properties, as stipulated to in Sections 3 and 4 of this Agreement. Further, this release and discharge of claims shall be void and of no force and effect in the event of a Nonmonetary Breach by the Defendants and/or a Monetary Breach that remains uncured pursuant to the terms of Section 10 of this Agreement.

16.     Upon execution and delivery of this Agreement, the Parties will execute and file the Stipulated Permanent Injunction and Final Order attached hereto as Exhibit 1.

**SIGNATURES ON NEXT PAGE**

8

Date: 7/30/18

*[signature]*

Michael W. O. Holihan
Florida Bar No.: 0782165
Kimberly A. Harchuck
Florida Bar No.: 0064852
Holihan Law
1101 North Lake Destiny Road
Suite 275
Maitland, Florida 32751
Telephone: 407.660.8575
Fax: 407.660.0510
michael.holihan@holihanlaw.com
kimberly.harchuck@holihanlaw.com
Counsel for Plaintiff

Sanrio, Inc.

Date: 7/30/2018.

*[signature]*

Katsumi Murakami, President & CEO

Date: 7.18.18

*[signature]*

Wayne Schwartz
Florida Bar No. 907390
Lee & Amtzis, P.L.
5550 Glades Rd., Suite 401
Boca Raton, FL 33431
Telephone: 561.981.9988
schwartz@leeamlaw.com
Counsel for Defendants

Bella Joias Ladie's Accessories, Corp.
d/b/a Bella Joias Jewelry Store

Date: 07-13-18
By: Operator
Name: Julioch Costa
Title: President

Julio Cesar Rodrigues Costa

Date: 07/13/18

*[signature]*

Julio Cesar Rodrigues Costa,
Owner/Operator Bella Joias Ladie's
Accessories, Corp.

Diego R. Costa

Date: 07/13/18

*[signature]*

Diego R. Costa, Owner/Operator
Bella Joias Ladie's Accessories, Corp.