# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-23132-KMW/TORRES

SANRIO, INC.

    Plaintiff,

BELLA JOIAS LADIE'S ACCESSORIES,
CORP. d/b/a BELLA JOIAS JEWELRY
STORE; JULIO CESAR RODRIGUES
COSTA; and DIEGO R. COSTA,

    Defendants.
_____/

STIPULATED PERMANENT INJUNCTION AND FINAL ORDER

Upon consideration of the Stipulated Permanent Injunction and Final Order (the "Order") submitted by Plaintiff, Sanrio, Inc., ("Plaintiff") and Bella Joias Ladie's Accessories, Corp d/b/a Bella Joias Jewelry Store, Julio Cesar Rodrigues Costa, and Diego R. Costa (collectively "Defendants"), this Court being fully aware of the premises makes the following findings of fact and conclusions of law:

    1.    Defendants have stipulated that this Court has jurisdiction over the Plaintiff and Defendants (collectively the "Parties) and above-styled action.

    2.    Defendants have stipulated that Plaintiff is the owner or exclusive United States licensee of the copyrighted properties identified in the federal copyright registration and related specimen, attached hereto as Exhibit A, as well as the distinctive trademarks identified by the index of trademark registrations, attached hereto as Exhibit B. The copyrighted properties and trademarks identified in Exhibits A and B of this Order, will hereinafter be collectively referred to as the "Sanrio Properties". Defendants

1

agree that the respective registrations are valid, subsisting and conclusive proof of Plaintiff's rights to the Sanrio Properties.

3.  Plaintiff brought this action against the Defendants alleging claims of trademark infringement and counterfeiting, copyright infringement, unfair competition, importation of good bearing infringing marks, and violation of the Tariff Act.

4.  Plaintiff's action arose out of the Defendants' alleged infringement of the Sanrio Properties through Defendants' importation, manufacture, sale, offer for sale, advertising, promotion, marketing, and distribution of merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Sanrio Properties, or a design that was of a substantially similar appearance to the Sanrio Properties.

5.  Defendants have never been authorized by the Plaintiff to import, manufacture, sell, offer for sale, advertise, promote, market, or distribute merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Sanrio Properties, or any design that is of a substantially similar appearance to the Sanrio Properties.

6.  Plaintiff alleges it has suffered irreparable injury as a result of Defendants' importation, sale, or distribution of merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Sanrio Properties, or a design that is of a substantially similar appearance to the Sanrio Properties. Plaintiff will continue to suffer irreparable harm and injury should this Court not issue a permanent injunction enjoining such actions by the Defendants.

7.      Defendants, without making an admission of liability, have stipulated and agreed to entry of a permanent injunction forever enjoining them from importing, manufacturing, selling, offering for sale, advertising, promoting, marketing, displaying, distributing, or making any commercial exploitation of any kind of merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Sanrio Properties, or any design that is of a substantially similar appearance to the Sanrio Properties.

In view of the foregoing, IT IS ORDERED AND ADJUDGED that a permanent injunction is entered as to Defendants, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining Defendants, their agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, from the following actions:

    a.   Importing, manufacturing, procuring, distributing, shipping, retailing, selling, offering for sale, marketing, advertising, or trafficking in any merchandise not authorized by the Plaintiff, and bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Sanrio Properties, or any design that is of a substantially similar appearance to the Sanrio Properties identified on Exhibits A and B to this Order;

    b.   Passing off, inducing, or enabling others to sell or pass off as authentic products produced by the Plaintiff or otherwise authorized by the Plaintiff, any product not manufactured by the Plaintiff or produced under the control or supervision of the Plaintiff

3

        and approved by the Plaintiff, which uses any of the Sanrio Properties identified on Exhibits A and B to this Order;

c.   From committing any act calculated to cause purchasers to believe that products sold by Defendants are those purchased under the control and supervision of the Plaintiff, or sponsored, approved, or guaranteed by the Plaintiff, or connected with and produced under the control or supervision of the Plaintiff, when in fact they are not;

d.   From further diluting and infringing the Sanrio Properties, or otherwise damaging the goodwill associated with the same; and

e.   From causing, aiding, or abetting any other person from doing any act proscribed in Sections a-d above.

    It is further ORDERED and ADJUDGED that Final Judgment is awarded in favor of the Plaintiff, Sanrio, Inc. and against Bella Joias Ladie's Accessories, Corp d/b/a Bella Joias Jewelry Store, Julio Cesar Rodrigues Costa, and Diego R. Costa, jointly and severally, in the amount of Eighty Thousand Dollars ($80,000.00).

    It is further ORDERED and ADJUDGED that the Clerk is directed to enter a Final Judgment consistent with this Order, and that execution may thereafter issue on said Final Judgment, subject to the terms and conditions of the Parties' Settlement Agreement which are incorporated herein, with the Court retaining jurisdiction over the enforcement of such Settlement Agreement until August 31, 2020.

    It is further ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this action for purposes of enforcing injunctive relief and this Order, by way of

contempt or otherwise. Defendants agree not to contest the validity of the Sanrio Properties in any such proceedings.

    It is further ORDERED AND ADJUDGED that the Parties waive appeal of this Permanent Injunction and Final Order.

    It is further ORDERED AND ADJUDGED that the Parties shall bear their respective attorneys' fees and costs as related to this action.

    Dated this _____ day of July, 2018.

_____
HONORABLE KATHLEEN M. WILLIAMS